Earl E. **LAVIANA**

v.

The **SHELBY MUTUAL INSURANCE COMPANY** and **Nationwide Mutual Insurance Company**

v.

**AMERICAN CASUALTY COMPANY.**

Civ. A. No. 3378.

United States District Court
D. Vermont.

July 22, 1963.

Kinney & Cook, Rutland, Vt., for plaintiff.

Ryan, Smith & Carbine, Rutland, Vt., for defendant Shelby Mut. Ins. Co.

Fitts & Olson, Brattleboro, Vt., for defendant Nationwide Mut. Ins. Co.

Barber, Barber & Grussing, Brattleboro, Vt., for third-party defendant American Casualty Co.

GIBSON, District Judge.

The complaint is in the nature of a petition for declaratory judgment. The plaintiff was involved in an accident wherein a gun being unloaded by the plaintiff discharged and injured one Charles Pia. Charles Pia has indicated he will seek damages from the plaintiff. The Shelby Mutual Insurance Company had issued an insurance policy covering the car into which the plaintiff was preparing to enter. Nationwide Mutual Insurance Company had issued a policy covering the plaintiff's car, and under certain circumstances, the plaintiff himself. These two defendants moved to bring in a third party defendant, the American Casualty Company. This motion was granted. The American Casualty Company had issued to the plaintiff a comprehensive liability policy. There is no dispute as to whether these policies were in effect at the time of the mishap. The dispute is over which policy or policies cover the accident. The two automobile policies cover the use of an automobile. In each policy, use is defined to include the loading and unloading of the automobile. The other policy covers liability in general but excludes certain circumstances among which is the use of an automobile. Use is similarly defined to include loading and unloading. The paramount question, therefore, is whether or not the accident occurred while "loading".

Defendant Nationwide Mutual also asserts that if the Court rules that the automobile policies apply its coverage is limited to any excess awarded over the coverage afforded by Defendant Shelby Mutual Insurance Company.

## FINDINGS OF FACT

1. The Defendant Shelby Mutual Insurance Company had issued an insurance policy to Charles L. Pia. This policy was in full force and effect on November 26, 1960. This policy covered the automobile involved in the accident. The provisions in the policy, Plaintiff's Exhibit 3, were those in effect on the date of the accident.

2. The Defendant Nationwide Mutual Insurance Company had issued an insurance policy to the plaintiff. This policy was in full force and effect on November 26, 1960. The provisions in the policy, Plaintiff's Exhibit 2, were those in effect on the date of the accident.

3. The Defendant American Casualty Company had issued an insurance policy to the plaintiff. This policy was in full force and effect on November 26, 1960. The provisions in the policy, Plaintiff's Exhibit No. 1, were those in effect on the date of the accident.

4. On November 26, 1960, the plaintiff, Earl E. Laviana, Charles L. Pia, and two others, Orville Laviana and Floyd Dyer, Jr., went hunting in Castleton, Vermont. The four used a car owned by Charles Pia for transportation. All were riding in the car with the permission of Charles Pia. While riding in the car, an object was spotted which appeared to be a deer. Charles Pia, who was driving the car, stopped the car. The plaintiff and Floyd Dyer got out of the car to hunt down their quarry. The plaintiff peered through his telescopic sight and noted the deer had a rather strange appearance. The legs appeared to be sticks of wood and the hide hung rather loosely. Realizing some practical joker had planted a dummy deer, the plaintiff laughingly prepared to re-enter the car. He positioned himself within one or two feet of the car in front of the open right front door. His position was such that the door could not close without striking him. The plaintiff proceeded to unload his gun before entering the car. While he was unloading the gun, the right front door swung and struck the plaintiff causing the gun to discharge. The bullet struck the right hand of Charles Pia. Charles Pia was sitting in the driver's seat at that time. The injury resulted in serious damage to the right hand of

Charles Pia. Charles Pia lost his right ring finger and has substantial disability in the use of the small and index fingers of his right hand. At the time of the accident, Charles Pia was employed in general maintenance work which required use of his hands. He is now engaged in a supervisory capacity.

5. On March 26, 1963, Charles Pia, through his attorney, Walter B. Kozloski of New Britain, Connecticut, made a claim against the plaintiff as a result of the accident.

## CONCLUSIONS OF LAW

■ The critical question is whether or not the plaintiff was in the process of "loading" within the meaning of the policies when the accident occurred. If he were, then, the automobile policies covered the mishap and the comprehensive policy did not. If the plaintiff were engaged in "loading" then, he was using the automobile and would be an insured under both the Shelby Mutual and Nationwide policies. The phrase "loading and unloading" has not been interpreted by the Vermont Supreme Court. It is therefore the duty of this Court to anticipate how the Vermont Court would interpret this phrase. Deveny v. Rheem Manufacturing Company, 319 F.2d 124 (2nd Cir. June 6, 1963, No. 27681).

■ The plaintiff was engaged in "loading". The plaintiff was in the process of unloading his gun in preparation for entering the car. This is a safe and customary practice which should be performed before entering a car. The plaintiff was standing near the open door of the car in anticipation of entering. The door of the car was instrumental in producing the accident. Therefore, the policies of the Defendants Shelby Mutual Insurance Company and Nationwide Mutual Insurance Company cover this accident. Allstate Insurance Company v. Valdez, 190 F.Supp. 893 (D.C.E.D.Mich. 1961).

■ Nationwide's policy states that when the insured is using vehicles other than his own the policy coverage is only for excess over any other collectible insurance against such loss. Therefore, Nationwide is responsible only for damages in excess of Shelby's coverage.

■ During oral argument, the Defendants attacked the Court's jurisdiction on two grounds. They asserted that the amount in controversy was less than the jurisdictional amount and they also asserted that there had been no claim against the plaintiff by Charles Pia at the time this action was filed. Neither of these contentions is with merit. Charles Pia undeniably has a permanent partial disability. At the time of the accident he was employed in a job requiring the use of his hands. The accident has restricted his employment capabilities. On these facts, a jury could reasonably find that the total damages were in excess of the jurisdictional amount. The fact that a formal claim had not been made against the plaintiff at the time the action was filed is not important here. The plaintiff had been involved in an accident which exposed him to liability for an amount in excess of the jurisdictional amount. If the defendants' policies afforded coverage, they were obligated to defend the plaintiff against such liability. This would be sufficient to show a genuine controversy. Furthermore, Charles Pia did assert a claim against the plaintiff at a later time, and is currently asserting a claim against the plaintiff based upon this accident.

## JUDGMENT ORDER

It is adjudged and decreed that the policy of the Defendant Shelby Mutual Insurance Company did afford liability coverage to the plaintiff for the above described accident, and it is further adjudged and decreed that the policy of the Defendant Nationwide Mutual Insurance Company did afford liability coverage to the plaintiff for the above described accident, but only to the extent of damages in excess of the coverage afforded by the Defendant Shelby Mutual Insurance Company policy. It is also adjudged and decreed that the Defendants Shelby Mutual Insurance Company and Nationwide Mutual Insurance Company are ob-

ligated to conform to the provisions of their respective policies—all in accordance with this Judgment Order.

It is adjudged and decreed that the policy of the Defendant American Casualty Company did not afford liability coverage to the plaintiff for the above described accident.