No. 21065.

Donald R. Mason *v.* The Celina Mutual Insurance Company.

(423 P.2d 24)

Decided January 23, 1967.     Rehearing denied February 14, 1967.

Yegge, Hall and Shulenburg, Charles W. Johnson, for plaintiff in error.

HOUTCHENS, HOUTCHENS AND DOOLEY, for defendant in error.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

THIS is a third party action against Celina, an insurance company, on its liability policy which had insured the automobile of one Weathers.

It appears that Weathers' son Ricky, who was also a named insured, had driven Donald R. Mason, Francis Zimmerman and two other youths from the Greeley High School to target practice with some firearms. On returning to the school, Weathers parked the vehicle and went back to class with one of the boys. The other three youths remained in the automobile with Ricky's consent. Francis moved into the driver's seat with Donald on his right and the third person in the rear seat. While Donald was toying with a pistol, it accidentally discharged killing Francis. The vehicle was parked at the time, the engine was not in operation and no part of Donald's body struck the vehicle to occasion the discharge of the firearm. Fred J. Zimmerman, father of Francis, thereafter sued Donald Mason for the alleged wrongful death of his son. Mason then brought in Celina as a third party defendant contending that he was protected by Weathers' car insurance policy.

The sole question on this writ of error is whether an insurance policy provision that reads in pertinent part that it will pay on behalf of the insured sums he is legally obligated to pay as damages because of death sustained by any person "caused by accident and arising out of the * * * use of the automobile" affords coverage to the guest of a named insured under the facts presented. The trial court held it did not, and we agree.

■ Assuming, *arguendo*, that Mason comes within the definition of an insured and also that he was permissively "using" the insured vehicle at the time of the tragedy, nevertheless, in our view the accident did not *arise out of a covered use of the automobile.* Here no causal connection between the discharge of the pistol and the stopped vehicle was shown, as is required to afford coverage under such a policy. See Annot., 89 A.L.R.2d 150. Even though in a technical sense it might be argued that Donald was using the vehicle at the time the shot was fired, for he was sitting in it, such a use, however, is not the type of use contemplated by the policy in question where the injury would have to be one originating from the use of the vehicle as such. 7 *Appleman, Insurance Law and Practice* § 4317, at 144. In *Appleman* at page 146, it is stated that: "1. The accident must have arisen out of the inherent nature of the automobile, as such" in order to bring one within the terms of such a policy.

The judgment is affirmed.