UNITED STATES FIDELITY & GUAR-
ANTY COMPANY, Appellant,

v.

The WESTERN FIRE INSURANCE COM-
PANY et al., Appellees.

The WESTERN FIRE INSURANCE COM-
PANY, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, Appellee.

Court of Appeals of Kentucky.

Feb. 13, 1970.

Marshall B. Woodson, Jr., Robert L. Durning, Jr., and Woodson, Barker & Durning, Louisville, for United States Fidelity & Guaranty Co.

A. J. Deindoerfer, Raymond O. Harmon, William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, for Western Fire Ins. Co.

Henry V. B. Denzer, Hogan, Taylor, Denzer & Bennett, Louisville, for State Farm Mut. Automobile Ins. Co.

CULLEN, Commissioner.

The controlling issue in this case is whether, under the attendant circumstances, a bodily injury sustained by a passenger in a moving automobile when accidentally shot by a pistol being loaded by another passenger was an injury "arising out of the * * * use" of the automobile within the meaning of an automobile liability insurance policy held by the owner of the automobile. The circuit court held that the injury did come within the policy and the main appeal herein questions the correctness of that holding.

Jasper Smith of Louisville owned an automobile which he permitted his daughter, Sandra, to take with her to college in Richmond, Kentucky. One spring day Sandra, her fiance Robert Casey, a girl named Marcia Brown and a boy named William Loveall commenced a journey in the automobile seeking a place in the country where they could stop and get out and William would demonstrate his marksmanship with the pistol. Robert was driving. Sandra was in the right front seat, Marcia in the left rear seat and William in the

right rear seat. William had the pistol in his possession unloaded. As the automobile traveled along the highway William took some bullets from his pocket and began to load the pistol. Marcia protested that he should not load the pistol in the car. That she was right in protesting was evidenced by the fact that the pistol immediately discharged, firing a bullet into Sandra's back. There is a stipulation in the record that neither the operation nor any movement of the automobile caused the accident, nor did any condition of the highway contribute to the accident.

Sandra sued William for damages for personal injuries. William's father had a "homeowner's" insurance policy with the Western Fire Insurance Company, which covered liability of members of the family for personal injuries caused by them to other persons *except* in "the ownership, maintenance, operation, use, loading or unloading of automobiles * * *." Despite its contention that its policy did not provide coverage because the shooting was in the "use" of an automobile, Western undertook the defense of Sandra's suit. Eventually Western settled the suit for $4,500. Western's total outlay, including attorney's fees and costs, amounted to $5,972.60.

The action here on appeal was brought by Western against United States Fidelity and Guaranty Company, and State Farm Mutual Automobile Insurance Company, seeking to recover from them the amount of Western's outlay in the settlement of Sandra's suit against William. U.S.F. & G. had issued a policy to the owner of the automobile (Sandra's father) which covered the liability of any person using the automobile with the consent of the named insured, for bodily injury "arising out of the ownership, maintenance or use" of the automobile. Western's theory was that William was *using* the automobile (as a passenger) and that the discharge of the pistol *arose out of the use*. State Farm had issued a policy to William's father, covering liability of members of his family using an *unowned* automobile, for bodily

injury caused by accident "arising out of the ownership, maintenance or use" of such automobile. However, State Farm's policy, as to use of an unowned automobile, provided coverage only as "excess over other collectible insurance." Western's theory as to State Farm is that if for some reason U.S.F. & G. should be held not liable, State Farm would be liable under its coverage of "use" of an unowned automobile.

The trial court held that the discharge of the pistol *arose out of the use* of the Smith automobile within the meanings of the exclusion clause of Western's policy and the coverage clause of U.S.F. & G.'s policy, wherefore the liability for the accident rested on U.S.F. & G. Judgment was entered accordingly, awarding Western recovery against U.S.F. & G. for Western's outlay in the settlement of Sandra's claim. The judgment dismissed Western's claim against State Farm because the latter had obligated itself only for "excess" coverage and none had been sought above that provided by U.S.F. & G.

U.S.F. & G. has appealed as against Western, maintaining that the trial court erred in holding it liable under the "use" clause of its policy. Western has appealed also, against State Farm, seeking to preserve any possible rights it might have against State Farm.

As we view the case, the sole question that needs to be answered is whether the injury to Sandra, in the circumstances of this case, *arose out of the use* of the automobile within the meaning of U.S.F. & G.'s policy. If it did not, U.S.F. & G. is not liable, and State Farm likewise is not liable because the "use" clause of its policy is identical with U.S.F. & G.'s. And it then becomes immaterial to this lawsuit whether or not Western's policy made it liable.

It appears that there are only three reported cases in this country involving the question of whether an injury from an accidental discharge of a firearm by a person *seated in an automobile* is within the coverage of a policy insuring against liability for

injuries "arising out of the use" of an automobile. The cases are: National Union Fire Insurance Company of Pittsburgh, Pa. v. Bruecks, 179 Neb. 642, 139 N.W.2d 821; Mason v. Celina Mutual Insurance Company, 161 Colo. 442, 423 P.2d 24; and Brenner v. Aetna Insurance Company, 8 Ariz.App. 272, 445 P.2d 474. In each of those cases the holding was that the injury did *not* "arise out of the use" of the automobile. Similar cases which reached the same result are Morari v. Atlantic Mutual Fire Insurance Company, 10 Ariz.App. 142, 457 P.2d 304, where a truck containing three hunters stopped when a deer was spotted, one of the hunters got out and grabbed his gun from behind the seat, and it went off, injuring one of the other hunters in the truck; and McDonald v. Great American Insurance Company, D.C. R.I., 224 F.Supp. 369, where a passenger in one car tossed a lighted "cherry bomb" into another car.

Some cases involving accidental or careless discharge of firearms *outside a stopped* vehicle have reached a different result. See Fidelity & Casualty Company of New York v. Lott, 5 Cir., 273 F.2d 500; Laviana v. Shelby Mutual Insurance Company, D.C. Vt., 224 F.Supp. 563; Allstate Insurance Company v. Valdez, D.C.Mich., 190 F.Supp. 893; and Dorsey v. Fidelity Union Casualty Company, Tex.App., 52 S.W.2d 775. It appears that the decisions in the latter three cases were based on "loading and unloading" clauses in the policies.

In an annotation in 89 A.L.R.2d 150, on the subject of what are injuries *arising out of use* of an automobile, it is stated, on page 153:

> " * * * All of the cases agree that a causal relation or connection must exist between an accident or injury and the * * * use of a vehicle in order for the accident or injury to come within the meaning of the clause 'arising out of the * * * use' of a vehicle, and where such causal connection or relation is absent coverage will be denied. The difficulty therefore relates mainly to the determination whether or not there was under the facts of the particular case the required causal relationship."

Appleman says that the accident must have arisen out of *the inherent nature of the automobile, as such,* in order to bring it within the terms of a "use" clause. 7 Appleman, Insurance Law and Practice, § 4317, p. 146.

We do not propose to get into a discussion of the fine line of distinction between a *cause* and a mere *condition.* It is sufficient for us to say that in our opinion the injury in the instant case was not sufficiently use-connected to be considered reasonably to have been within the contemplation of the parties to the automobile insurance contracts here involved. Thus we agree with the views of the Arizona, Colorado and Nebraska courts in their cases, hereinbefore cited, involving accidental discharge of a firearm by an occupant of an automobile.

There is no point in talking about the rule that an insurance policy is to be construed most strictly against the insurer, because that rule would have to be applied to Western's policy as well as U.S.F. & G.'s and so would put liability on Western.

(We make comment of the fact that the parties do not seem to have given any consideration to the question of whether Western, being according to its theory not liable when it settled Sandra's suit, could have any right of indemnity. Cf. Aetna Freight Lines, Inc. v. R. C. Tway Company, Ky., 352 S.W.2d 372.)

On the appeal of United States Fidelity and Guaranty Company the judgment as concerns that company is reversed, with directions to enter judgment dismissing the claim against that company; on the appeal of The Western Fire Insurance Company the judgment dismissing its claim against State Farm Mutual Automobile Insurance Company is affirmed.

All concur.