479 P.2d 979 (1970)
EMPLOYERS CASUALTY COMPANY, Plaintiff in Error,
v.
William G. AZAR, Defendant in Error.
No. 70-339. (Supreme Court No. 23603.)
Colorado Court of Appeals, Div. II.
October 6, 1970.
Rehearing Denied October 27, 1970.
Certiorari Granted February 8, 1971.
Wormwood, Wolvington, Renner & Dosh, Winston W. Wolvington, Denver, for plaintiff in error.
Duane O. Littell, Ronald C. Hill, Denver, for defendant in error.
Selected for Official Publication.
DWYER, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
William G. Azar wounded his hunting companion, John E. Filer, while the two were hunting rabbits along a public highway. The accident occurred in an automobile operated by Azar. Immediately before the accident, Azar was driving along the highway when two rabbits were seen and Azar stopped the automobile. Azar prepared to fire a shotgun through the car window, but before firing, he noticed a car approaching from the opposite direction. He then brought the shotgun back into the car and it accidentally discharged, injuring Filer.
At the time of this accident, Azar was insured under an automobile liability policy *980 issued by Employers Casualty Company and under a homeowner's policy issued by Aetna Insurance Company. The question on this appeal is which of the two insurance companies is obligated to indemnify Azar against his liability arising out of this accident.[1]
After suit was commenced by Filer against Azar, Aetna undertook Azar's defense and on his behalf filed a third party complaint against Employers. Before trial, Aetna, with the consent of Employers, paid $8,000 in compromise of Filer's claim and the complaint was dismissed with prejudice. The companies then stipulated that the remaining issues in the case would be tried as in a declaratory judgment action with both Aetna and Employers as parties. It was further stipulated that Azar was an insured under both policies and that the sole question to be determined by the court was whether the accident and injuries referred to in the complaint arose out of the use of the automobile. It was further stipulated that under no circumstances could there be a finding that both companies were liable or that neither company was liable. Pursuant to stipulation of the parties, the case was submitted on the basis of the policies and depositions of Azar and Filer. On such basis, the court concluded that the accident and injuries resulting therefrom arose out of the use of the automobile and entered judgment against Employers.
The trial court's decision is in conflict with the holding of our Supreme Court in Mason v. Celina Mutual Insurance Co., 161 Colo. 442, 423 P.2d 24. Mason is sufficiently similar in factual situation to be controlling here. There, one Mason who had recently been a passenger in a car and who was sitting in the parked car, accidentally shot another while toying with a pistol. When suit was commenced against Mason, he asserted coverage under the automobile owner's insurance policy. The court, in rejecting Mason's claim, held:
"Assuming, arguendo, that Mason comes within the definition of an insured and also that he was permissively `using' the insured vehicle at the time of the tragedy, nevertheless, in our view the accident did not arise out of a covered use of the automobile. Here no causal connection between the discharge of the pistol and the stopped vehicle was shown, as is required to afford coverage under such a policy. See Annot., 89 A.L.R.2d 150. Even though in a technical sense it might be argued that Donald was using the vehicle at the time the shot was fired, for he was sitting in it, such a use, however, is not the type of use contemplated by the policy in question where the injury would have to be one originating from the use of the vehicle as such. 7 Appleman, Insurance Law and Practice § 4317, at 144. In Appleman at page 146, it is stated that: `1. The accident must have arisen out of the inherent nature of the automobile, as such' in order to bring one within the terms of such a policy."
Other courts in considering analogous cases have cited Mason with approval and reached the same conclusion. See Brenner v. Aetna Insurance Co., 8 Ariz.App. 272, 445 P.2d 474; United States Fidelity & *981 Guaranty Co. v. Western Fire Insurance Co., 450 S.W.2d 491 (Ky.).
On the authority of Mason v. Celina, supra, we hold that as between the two companies, Aetna, under the terms of its "homeowner's policy", must bear the loss involved in this case.
Judgment is reversed with directions to enter judgment dismissing Aetna's action against Employers Casualty Company.
ENOCH and PIERCE, JJ., concur.
NOTES
[1] Employers "Family Automobile Policy" provided the following coverage:

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of: * * * bodily injury * * sustained by any person * * * arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile. * *"
Aetna's "Homeowners Policy" provides "personal liability" coverage in the following terms:
"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury. * * *"
The Aetna policy contained an exclusion as follows:
"[The above coverage] Does Not Apply: * * * to the ownership, maintenance, operation, use, loading or unloading of (1) automobiles * * * while away from the premises * * *."