## No. C-49

### William G. Azar v. Employers Casualty Company
(495 P.2d 554)

Decided April 3, 1972.            Rehearing denied April 24, 1972.

Duane O. Littell, I. Thomas Bieging, for petitioner.

Wormwood, Wolvington, Renner and Dosh, Winston W. Wolvington, Edward H. Haffey, for respondent.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

William G. Azar's petition for certiorari to the Court of Appeals was granted by this Court to review whether the decision of the Court of Appeals, found in *Employers Casualty v. Azar,* 28 Colo. App. 566, 479 P.2d 979, was decided in a way probably not in accord with applicable law. We have concluded the Court of Appeals correctly decided the issue on appeal and therefore affirm the judgment.

For a better understanding of the controversy, we here incorporate the statement of the case as set forth in *Employers Casualty v. Azar, supra:*
"William G. Azar wounded his hunting companion, John E. Filer, while the two were hunting rabbits along a public highway. The accident occurred in an automobile operated by Azar. Immediately before the accident, Azar was driving along the highway when two rabbits were seen and Azar stopped the automobile. Azar prepared to fire a shotgun through the car window, but before firing, he noticed a car approaching from the opposite direction. He then brought the shotgun back into the car and it accidentally discharged, injuring Filer.

"At the time of this accident, Azar was insured under an automobile liability policy issued by Employers Casualty Company and under a homeowner's policy issued by Aetna Insurance Company. The question on this appeal is which of the two insurance companies is obligated to indemnify Azar against his liability arising out of this accident.

"After suit was commenced by Filer against Azar, Aetna undertook Azar's defense and on his behalf filed a third party complaint against Employers. Before trial, Aetna, with the consent of Employers, paid $8,000 in compromise of Filer's claim and the complaint was dismissed with prejudice. The companies then stipulated that the remaining issues in the case would be tried as in a declaratory judgment action with both Aetna and Employers as parties. It was further stipulated that Azar was an insured under both policies and that *the sole question to be determined by the court was whether the accident and injuries referred to in the complaint arose out of the use of the automobile.* It was further stipulated that under no circumstances could there be a finding that both companies were liable or that neither company was liable. Pursuant to stipulation of the parties, the case was submitted on the basis of the policies and depositions of Azar and Filer. On such basis, the court concluded that the accident and injuries resulting therefrom arose out of the use of the automobile and entered judgment against Employers." (Emphasis added.)

■ The Court of Appeals determined, contrary to the trial court, that *Mason v. Celina Mutual,* 161 Colo. 442, 423 P.2d 24, controlled the disposition of this case. We agree. In *Mason,* the facts were similar in essential detail to those in the instant case. As here, there was an accidental shooting in a stopped automobile of one of the occupants by another occupant. No contention was made that the vehicle in any way contributed to or was connected with the accidental discharge of the firearm. The only relationship of the vehicle to the accident was the presence of the tort-feasor and the injured person in the automobile at the time of the infliction

of the injuries. We do not regard such an occurrence as "arising out of the ownership, maintenance or *use* of the owned automobile," as contemplated by the liability insurance contract.

The phrase "arising out of the use" in automobile liability policies has generally been construed broadly and comprehensively, and to mean "originate from," "grow out of," or "flow from." *Schmidt v. Utilities Ins. Co.,* 353 Mo. 213, 182 S.W.2d 181, 154 A.L.R. 1088; *National Union F. Ins. Co. of Pittsburgh, Pa. v. Bruecks,* 179 Nebr. 642, 139 N.W.2d 821. Also, it is generally held that there must be a causal relation or connection between the injury and the use of the vehicle in order for the injury to come within the meaning of the phrase "arising out of the use" of a vehicle. *See* 89 A.L.R.2d 150, and cases collated therein.

In our view, it cannot reasonably be said that the discharge of the weapon in this case originated from, grew out of or flowed from the use of the vehicle. Rather, the injury originated from, grew out of or flowed from the use of the firearm. Use, as contemplated by the automobile liability policy, means *use of a vehicle as such,* not a use foreign to its inherent purpose, to which the vehicle might conceivably be put. *Mason v. Celina Mutual, supra.* For a discussion of the term "use," see 7 *J. A. Appleman, Insurance Law and Practice* § 4316.

The rationale of this Court as announced in *Mason, supra,* and followed by our Court of Appeals, is supported by *Brenner v. Aetna Insurance Company,* 8 Ariz. App. 272, 445 P.2d 474; *United States Fidelity & G. Co. v. Western Fire Ins. Co.,* 450 S.W.2d 491 (Ky.); and *National Union F. Ins. Co. of Pittsburgh, Pa. v. Bruecks, supra;* wherein analogous fact situations were presented. *See also, Richland Knox Mutual Insurance Company v. Kallen,* 376 F.2d 360 (6th Cir. 1967).

We affirm the judgment of the Court of Appeals.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE KELLEY dissenting.

MR. JUSTICE ERICKSON not participating.