### Nos. C-361, C-362, C-363

**State Automobile and Casualty Underwriters, a corporation, and Insurance Company of North America, a corporation v. Holly F. Beeson, a Minor, by her father, next friend and guardian, Ernest A. Beeson and State Farm Mutual Automobile Insurance Company, a corporation; and Allstate Insurance Company, a corporation**

(516 P.2d 623)

Decided December 3, 1973. Opinion modified and as modified rehearing denied December 24, 1973.

Wood, Ris & Hames, F. Michael Ludwig, for petitioner-respondent State Automobile and Casualty Underwriters.

Yegge, Hall & Evans, Don R. Evans, Gregory G. Vernon, for petitioner-respondent Insurance Company of North America.

John H. Williamson, Montgomery, Little & Young, J. Bayard Young, for petitioner-respondent Holly F. Beeson.

Wolvington, Dosh, DeMoulin, Anderson and Campbell, William P. DeMoulin, for respondent State Farm Mutual Automobile Insurance Company.

Burnett, Watson, Horan & Hilgers, William P. Horan, for respondent Allstate Insurance Company.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

We granted certiorari with respect to the Court of Appeals opinion found in 32 Colo. App. 62, 508 P.2d 402 and now affirm. The following statement of facts has been taken almost *verbatim* from the Court of Appeals opinion.

This case arises out of an injury sustained by Holly Beeson when she was struck in the eye by a key thrown or dropped by her uncle, David Olsen, from a third floor window of an apartment house, owned by her grandparents. Holly's grandparents own, among others, apartment houses at the following addresses in Denver: 1275 Washington Street, which they manage and where they reside; and 1430 Race Street, where Holly's uncle, David Olsen, resides and which he manages. It was at the Race Street location that the injury occurred.

On the date of the injury, Holly accompanied her grandmother and mother, in Holly's parents' station wagon, to a freight salvage establishment in Denver to purchase rugs for the Washington Street apartments. After purchasing the rugs they drove to the Race Street apartments, where a pickup truck used in the family apartment business was

parked. It was their intention to use the truck to transport to the Washington Street apartments the rugs they had purchased. Holly's uncle, David, who performed general maintenance functions at all of the family apartments, had the keys to the pickup in his third floor apartment, where they were regularly stored. Holly's mother drove into the driveway of the Race Street apartments, got out of the station wagon, leaving the door open and the engine running and requested that David throw her the keys from his third-floor window. This he did. The keys went over her shoulder and through a partially open window in the station wagon and struck Holly, causing the loss of her eye.

Holly brought this action seeking declaratory relief against the following insurance companies: Insurance Company of North America (INA), which provided liability coverage for the Washington Street apartments; State Automobile and Casualty Underwriters (State Auto), which provided liability coverage for the Race Street apartments; State Farm Mutual Automobile Insurance Company (State Farm), which insured the pickup truck; and Allstate Insurance Company (Allstate), which insured the station wagon. Holly sought a determination as to whether any or all of the policies issued by these companies provided coverage for the accident in which she had been involved.

The trial court denied recovery under each of the policies except for the State Auto policy relating to the Race Street apartments. Holly appealed that portion of the judgment denying coverage under the three policies and State Auto appealed as to the determination that it provided coverage. The Court of Appeals affirmed the determination that the State Auto policy provided coverage and that the State Farm and Allstate policies did not. It reversed the determination that the INA policy did not extend coverage to this loss. As already stated, we affirm the Court of Appeals.

## THE VEHICLE POLICIES

The State Farm and Allstate policies insuring the two vehicles are nearly identical with regard to coverage. Under both policies the insurer is required to pay on behalf

of the insured all sums which the insured shall become legally obligated to pay as a result of injuries "arising out of the ownership, maintenance or use" of the insured vehicle. Both insurers argue correctly that there is not a sufficient causal connection between the injury and the use of either vehicle for coverage to exist.

*Azar v. Employers Casualty Company,* 178 Colo. 58, 495 P.2d 554 (1972), and *Mason v. Celina Mutual Ins. Co.,* 161 Colo. 442, 423 P.2d 24 (1967), stand for the proposition that there must be a causal relation or connection between the injury and the use of the vehicle in order for the injury to come within the meaning of the phrase "arising out of the use" of a vehicle. In each case it was held that there was not a sufficient causal relation. Under the facts presented here, there is a lesser causal connection between the injury and the use of the vehicles than there was in either *Azar* or *Mason.* We affirm the determination of the trial court and the Court of Appeals that neither vehicle was being used as that term in the policy is to be interpreted.

## THE APARTMENT HOUSE POLICIES

Each of the apartment house policies provides coverage when the insured becomes legally obligated to pay damages as a result of personal injuries that arise out of the ownership, maintenance or use of the premises, and all operations necessary or incidental thereto. These insurers contend that there was not a sufficient causal connection between Holly's injury and the ownership, maintenance, use or incidental operation of the apartments. On the contrary, we agree with the trial court, which in turn was affirmed by the Court of Appeals, in its conclusion that the keeping of the keys to the pickup at the Race Street apartments was incidental to the operation of that apartment house; that it was the duty of David Olsen as real estate manager to keep the keys there; and that the act of throwing them out the window was incidental to the operation of the apartments. We affirm the Court of Appeals in its determination as a matter of law that the policy on the Washington Street apartment house provides coverage.

Holly's grandmother was a co-owner of the Washington Street apartments. Holly's mother was an employee of Holly's grandparents and, as such, she performed services as to the Washington Street apartment house. At the time of the accident the mother and grandmother were doing those things necessary to transport rugs to the Washington Street apartments for installation therein. There is an even greater degree of causation between the injury and the operation of the Washington Street apartments than with the Race Street apartment house.

In its opinion the Court of Appeals has cited adequate and applicable authorities concerning the coverage of the policies on the apartment houses. There is no need for us to again cite them.

## THE EXCLUSIONS

Having found that both the apartment house policies provide coverage, we must determine whether any exclusions apply to defeat it. Both policies exclude from coverage injuries arising out of the ownership, maintenance, operation or use of any automobile. We have already concluded that there was not a sufficient causal relationship between the injury and either of the vehicles. Therefore, these exclusions are not applicable here.

Both policies also exclude from coverage bodily injuries arising out of operations on or from other premises owned by the insured. We find the Court of Appeals' analysis regarding these exclusions to be particularly enlightening and we adopt it:

"Logically, this exclusion could preclude coverage from both policies: The injury occurred on one premise and arose from activities related to another. However, as to each of the two policies, if we eliminate the causal factors which tie the accident to the 'other owned premise', there is still a causative factor at each premise which can be considered a proximate cause of the occurrence. As to the Race Street apartment, it is the activity of the manager in his control over maintenance equipment. As to the Washington Street property, it is the purchasing of carpeting to benefit that establishment.

"We must strictly construe this exclusion against both insurance companies in order that the policies may accomplish the purposes that the contracting parties intended. *Columbian National Life v. McClain,* [115 Colo. 458, 174 P.2d 348 (1946)]. Where, as here, an insured is engaged in an activity covered by one policy while at the same time engaged in acts covered by another, the coincidental overlapping cannot defeat the coverage of either or both of the policies where they would otherwise both cover the accident."

## COVERAGE OF DAVID OLSEN

The Court of Appeals ruled that there would have to be further litigation to develop whether David Olsen was acting within the scope of his employment in order to bring him under the coverage of the policy on the Washington Street apartments. We agree and do not consider the issues which have been re-presented as to the coverage of David Olsen.

Judgment affirmed.