691 P.2d 1289

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
Plaintiff-Respondent,

v.

**Thomas A. SMITH, Barbara A. Smith and Mike Lynn Smith, Wickliffe G. Newell, III and Leilani M. Eddy, Defendants-Appellants.**

Nos. 14505, 14515.

Court of Appeals of Idaho.

Nov. 29, 1984.

Petition for Review Denied
Jan. 30, 1985.

Paul M. Beeks, Smith & Beeks, Twin Falls, John J. Healzer, Hart & Healzer, Jerome, for defendants-appellants.

John A. Doerr, Doerr & Trainor, Twin Falls, for plaintiff-respondent.

WALTERS, Chief Judge.

State Farm Mutual Automobile Insurance Co. (State Farm) instituted this declaratory relief action against Wickliffe Newell, Leilani Eddy, Thomas Smith, Barbara Smith, and Mike Lynn Smith. The trial court determined that State Farm was not liable to any of the defendants under an auto insurance policy issued to the Smiths. In a consolidated appeal, Newell and Eddy and the Smiths allege that, under the terms of the policy, State Farm is liable for damages incurred in the wrongful death of Jodi Lynn Newell, the daughter of Newell and Eddy. We affirm.

On November 9, 1979, while on a hunting trip, Jodi and Jessie Newell were travelling with Thomas and Mike Smith in the Smiths' motor home. Thomas Smith stopped the motor home at a convenience store and gasoline station in Rogerson, Idaho. Mike Smith, the minor son of Thomas and Barbara, and the Newell girls were alone in

the motor home when Mike Smith pulled a shotgun owned by him off a camper bed. As he dragged it across the bed, the hammer or trigger of the loaded gun brushed against the bed or some other part of the motor home, causing the gun to discharge. The shot struck Jodi Newell and she was fatally wounded.

Newell and Eddy commenced a wrongful death action against the Smiths. The Smiths had purchased an automobile insurance policy from State Farm which was in effect at the time of the fatal accident. The policy obligated State Farm to "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of ... bodily injury sustained by other persons ... caused by accident arising out of the ownership, maintenance or use, including loading or unloading, of the owned motor vehicle; and to defend ... any suit against the insured alleging such bodily injury...." Pursuant to the quoted provision, the Smiths demanded that State Farm defend the wrongful death action and, in the event liability existed, provide coverage to the extent of the policy limits. Thereafter, State Farm filed this declaratory relief action, alleging that Jodi Newell's death did not "arise out of the ownership, maintenance or use, including loading or unloading," of the insured motor home.

■ The trial court determined the policy did not provide coverage for the accident and entered judgment for State Farm. Neither Newell and Eddy nor the Smiths argue that the accident arose out of the ownership or maintenance of the motor home. Thus, the single issue on appeal is whether the policy provided coverage for the accident because it arose out of the use, including the loading or unloading, of the motor home. We hold that it did not.[1]

■ The language in the State Farm policy is typical in auto liability insurance policies and whether a particular act constitutes use of the insured vehicle for purposes of insurance coverage has frequently been the subject of litigation. Annot. 89 A.L.R.2d 150 (1963). Numerous cases have involved gun shot injuries. One authority has noted, broadly, that:

> There is a great deal of litigation arising out of the transportation of firearms in insured motor vehicles where the gun discharges injuring passengers or third parties. The better position is that such accidents are not covered under an automobile liability policy.

12 COUCH ON INSURANCE 2d (Rev. ed.) § 45:56 p. 289 (1981). From our review of pertinent cases and authorities, we conclude that the accident in this case did not arise out of the use of the motor home.

■ The policy provision requiring the injury to "arise out of the use" of the vehicle connotes a causal relation between the injury and the use. See 6B APPLEMAN, INSURANCE LAW & PRACTICE § 4316 (1979). The causal connection must be more than incidental or fortuitous. *Azar v. Employers Casualty Co.,* 178 Colo. 58, 495 P.2d 554 (1972); *Kangas v. Aetna Casualty & Surety Co.,* 64 Mich. App. 1, 235 N.W.2d 42 (1975). The accident and resulting injury must have arisen out of the inherent nature of the automobile in order to bring it within the terms of the "use" clause. *United States Fidelity & Guaranty Co. v. Western Fire Insurance Co.,* 450 S.W.2d 491 (Ky.App.1970); APPLEMAN, *supra.*

The Missouri Court of Appeals recently reviewed and categorized the decisions determining coverage under a use provision when an accidental shooting occurs in the proximity of a vehicle. *Cameron Mutual Insurance Company v. Ward,* 599 S.W.2d 13 (Mo.App.1980). The first category involves "the accidental discharge of guns inside moving or motionless vehicles while an occupant of the vehicle is handling or toying with the gun." Included in the court's list of cases in this category are *Western Cas. and Sur. Co. v. Branon,* 463 F.Supp. 1208 (E.D.Ill.1979); *American Lib-*

1. As used in policies of this kind, the phrase "loading and/or unloading" is simply an expansion of the meaning or scope of what is intended by the term "use" of the insured automobile. *Viani v. Aetna Ins. Co.,* 95 Idaho 22, 31, 501 P.2d 706, 715 (1972).

erty Insurance Company v. Soules, 288 Ala. 163, 258 So.2d 872 (1972); Brenner v. Aetna Insurance Company, 8 Ariz.App. 272, 445 P.2d 474 (1968); Hartford Fire Ins. Co. v. State Farm Mut. Auto., 264 Ark. 743, 574 S.W.2d 265 (Ark.1978); Azar v. Employers Casualty Company, 178 Colo. 58, 495 P.2d 554 (1972); Mason v. Celina Mutual Insurance Company, 161 Colo. 442, 423 P.2d 24 (1967); United States Fidelity & G. Co. v. Western Fire Ins. Co., 450 S.W.2d 491 (Ky.App.1970); National Family Ins. Co. v. Boyer, 269 N.W.2d 10 (Minn.1978); National Union F. Ins. Co. of Pittsburgh, Pa. v. Bruecks, 179 Neb. 642, 139 N.W.2d 821 (1966); Raines v. St. Paul Fire & Marine Insurance Company, 9 N.C.App. 27, 175 S.E.2d 299 (1970); and State Farm Mut. Auto Ins. Co. v. Centennial Ins. Co., 14 Wash. App. 541, 543 P.2d 645 (1975). The Missouri Court found, without exception, the cases in this category disallow coverage under the insuring agreements because no causal connection exists between the discharge of the guns and the use of the vehicles. The vehicles were merely the situs of the injuries since discharge of the guns was unconnected with the inherent use of the vehicle.

The Missouri Court's second category of cases involves "the accidental discharge of guns during the process of loading them into or unloading them from vehicles." These cases hold that coverage exists under the insurance policies. The third category involves the use of a physical portion of a vehicle as a "gun rest" for the purpose of firing a weapon. The three decisions reviewed by the Missouri Court in this category split in their determination regarding coverage. The fourth category involves the "accidental discharge of guns resting in or being removed from gun racks permanently attached to vehicles." The cases in this category usually find that coverage exists. The fifth category involves "the accidental discharge of guns inside a vehicle caused by the actual movement or oper-

ation of the vehicle." The cases reviewed by the court in this category find a sufficient causal connection between the use of the vehicle and the injury to invoke coverage under the use provision of the liability policy.

We believe the facts of this case fit into the first category.[2] The accident here was caused by the negligent handling of a loaded firearm, not by the type of use associated with the inherent nature of the motor home. The motor home was merely the situs of the accident. See Brenner v. Aetna Insurance Company, 8 Ariz.App. 272, 445 P.2d 474 (Ariz.App.1968). Consistent with the overwhelming majority of cases considering similar facts, we find an insufficient causal relation between the accident and the use of the motor home to invoke coverage under the insurance policy. We hold, therefore, the trial court did not err by granting declaratory relief to State Farm.

The judgment in favor of State Farm is affirmed. No attorney fees on appeal. Costs to respondent, State Farm.

BURNETT and SWANSTROM, JJ., concur.

---

**2.** Newell and Eddy argue that Mike Smith was in the process of loading the vehicle when the gun discharged because his purpose in removing the gun from the bed was to place it in a gun scabbard. We believe the loading or un-

loading cases cited by Newell and Eddy are factually distinguishable and do not require a finding in this case that the gun discharged while the motor home was being loaded.