**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff–Appellant,**

v.

**Christina E. KASTNER, Defendant–Appellee.**

No. 01CA0403.

Colorado Court of Appeals, Div. IV.

March 14, 2002.

Certiorari Granted Oct. 21, 2002.

Farry and Cain, L.L.P., Craig W. Cain, Joan Elaine Burtzos, Colorado Springs, Colorado, for Plaintiff–Appellant.

Tracy Pride Stoneman, P.C., Tracy Pride Stoneman, Westcliffe, Colorado; Robert S. Kayser, Colorado Springs, Colorado, for Defendant–Appellee.

Opinion by Judge VOGT.

In this declaratory judgment action to determine whether an automobile insurance policy afforded coverage for injuries arising out of a sexual assault committed in a car, plaintiff, State Farm Mutual Automobile Insurance Company, appeals from the judgment entered in favor of defendant, Christina E. Kastner. We affirm.

According to the parties' stipulation of facts, defendant had walked to her car in a shopping mall parking lot and was standing between the open car door and the car when a man approached and asked for directions. As defendant was replying, the man came toward her with a knife, took her keys, and ordered her into the passenger seat. The man instructed defendant to lean the seat back and get down as far as possible. He then drove her to an isolated area where he robbed her and told her to disrobe. Defendant opened the door in an attempt to escape but was restrained by the automatic seatbelt. The man then sexually assaulted her at knife point. Afterwards, he drove to a parking lot where he left defendant in her car, threatening to harm her and her children if she reported the incident to anyone.

Defendant filed a claim for benefits under the personal injury protection (PIP) and uninsured/underinsured motorist (UM/UIM) provisions of her State Farm automobile insurance policy. State Farm denied the claim and brought this declaratory judgment action, seeking a determination that the policy provided no coverage for defendant's injuries.

The parties stipulated to the facts summarized above and filed cross-motions for summary judgment. The trial court granted defendant's motion, finding that her assault-related treatment bills and other claims arose out of use of the insured vehicle.

I.

On appeal, State Farm contends that, because defendant's injuries did not arise from the use of her car, her claims were not covered under its policy and the trial court erred in concluding to the contrary. We disagree.

We review a summary judgment de novo, applying the same standards that govern the trial court's determination. *Churchey v. Adolph Coors Co.*, 759 P.2d 1336 (Colo.1988). Where, as here, the facts are undisputed, the sole issue is whether the moving party was entitled to judgment as a matter of law. *See* C.R.C.P. 56(c); *Nikolai v. Farmers Alliance Mut. Ins. Co.*, 830 P.2d 1070 (Colo.App.1991).

A.

The PIP provision in defendant's insurance policy states:

We will pay in accordance with the *No Fault Act* for *bodily injury* to an *insured*, caused by an accident resulting from the use or operation of a *motor vehicle*.

(Italics in original.) The Colorado Auto Accident Reparations Act (No Fault Act) to which this provision refers mandates PIP coverage for expenses and losses "arising out

of the use or operation of a motor vehicle." Section 10–4–706(1)(b)(I), C.R.S.2001.

The policy's UM/UIM provision states:

We will pay damages for *bodily injury* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle.* The *bodily injury* must be caused by accident arising out of the operation, maintenance or use of an *uninsured motor vehicle.*

(Italics in original.) *See* § 10–4–609(1)(a), C.R.S.2001 (addressing uninsured motorist coverage for losses "arising out of the ownership, maintenance, or use of a motor vehicle").

### B.

Whether coverage is available under either the PIP or UM/UIM provisions depends on whether defendant's injuries arose from the "use" of her car. *See Cung La v. State Farm Auto. Ins. Co.,* 830 P.2d 1007 (Colo. 1992) (word "use" in uninsured motorist provision has same meaning as in general liability coverages).

■ The Colorado Supreme Court has interpreted "use" broadly in automobile insurance coverage cases. For example, there is no requirement that the vehicle be moving at the time of the accident. *Aetna Cas. & Sur. Co. v. McMichael,* 906 P.2d 92 (Colo.1995) (injuries to plaintiff, who was struck by oncoming car while working on highway, arose out of his use of his truck as a barricade and warning device); *see also Kohl v. Union Ins. Co.,* 731 P.2d 134 (Colo.1986) (injuries resulting from discharge of rifle while insured was removing it from vehicle's gun rack arose out of insured's use of his vehicle to transport hunters and weapons).

However, there still must be some causal relationship between the claimant's injuries and the use of the insured vehicle. Requiring such a nexus ensures that the accident is within the kind of risks that the automobile insurance contract was meant to cover. *Aetna Cas. & Sur. Co. v. McMichael, supra.*

■ The causation test does not require that the insured vehicle itself be the source of the injury, but only that its use be integrally related to the claimant's activities and

the injury at the time of the accident. Under this test, the insured need show only that the injury originated in, grew out of, or flowed from a use of a vehicle. *Aetna Cas. & Sur. Co. v. McMichael, supra; Bredemeier v. Farmers Ins. Exch.,* 950 P.2d 616 (Colo.App. 1997).

The supreme court has declined to find a causal nexus where the only relationship between the injury and the vehicle was that the injury coincidentally occurred in the vehicle. *See Azar v. Employers Cas. Co.,* 178 Colo. 58, 495 P.2d 554 (1972)(injury to passenger when copassenger's shotgun accidentally discharged did not arise out of use of vehicle; there was no contention that vehicle in any way contributed to discharge of firearm, and its only relationship to accident was presence of tortfeasor and injured person in it when injuries were inflicted); *Mason v. Celina Mut. Ins. Co.,* 161 Colo. 442, 423 P.2d 24 (1967) (death occurring from discharge of pistol while three youths were toying with it in insured's car did not arise out of use of car). In *McMichael,* the supreme court noted that, in those cases, the injury could have occurred in any location and had no connection to the use of the vehicle.

■ State Farm argues that, as in *Mason* and *Azar,* defendant's car was simply the situs for the assault that caused her injury. However, as the trial court recognized, there was a factual nexus between the car and the assault in this case beyond the mere fact that the car was the situs of the assault. Specifically, the trial court found that the assailant's "selection of [defendant] after the vehicle door was opened, the use of the reclining passenger seat to prevent [defendant] from signaling for help, the use of the vehicle to get to an isolated area and the use of the automatic seat belts as restraints collectively constitute a causal connection between this vehicle and the assault."

Like the trial court, we conclude that these facts, viewed as a whole, established a causal connection between the car and the assault sufficient to support a finding that defendant's injuries arose out of the use of her car. *See Aetna Cas. & Sur. Co. v. McMichael, supra* (in determining whether injuries arose

from the use of a vehicle for purposes of insurance coverage, court must look to particular factual circumstances in the case before it); *Trujillo v. Farmers Ins. Exch.*, 862 P.2d 962 (Colo.App.1993) (sufficiency of causal relationship can be determined only by considering particular facts surrounding incident that caused injury).

We do not agree with State Farm that such a causal relationship cannot be established because use of a car to facilitate a sexual assault is "foreign to its inherent purpose." *See Kohl v. Union Ins. Co.*, *supra*, 731 P.2d at 135. In *Cung La*, *supra*, the supreme court concluded that there was a material question of fact as to whether gunshot wounds suffered by the petitioner in a highway shooting incident arose out of the assailant's use of an uninsured motor vehicle to help box in the petitioner's car in order to shoot him. Although the court in *Cung La* cited the language from *Kohl* regarding use of a vehicle in a manner "not foreign to its inherent purpose," it did not suggest that the fact that the assailant was using his car to commit a crime would preclude a finding of coverage under State Farm's uninsured motorist provision. Similarly here, particularly where there was no misuse of the car by the insured herself, we conclude that her assailant's use of the car for commission of a sexual assault did not preclude a finding that her injuries arose out of the use of the car.

Nor are we persuaded that the cases from other jurisdictions cited by State Farm require a contrary conclusion. Noting that there are no Colorado insurance coverage cases addressing injuries arising out of a sexual assault in a vehicle, State Farm relies on foreign cases that have declined to find coverage for such injuries. *See Aetna Cas. & Sur. Co. v. United States Fid. & Guar. Co.*, 806 F.2d 302 (1st Cir.1986); *Doe v. State Farm Fire & Cas. Co.*, 878 F.Supp. 862 (E.D.Va.1995); *PEMCO Ins. Co. v. Schlea*, 63 Wash.App. 107, 817 P.2d 878 (1991).

As State Farm asserts, these cases appear to represent the majority view. However, none of them involved the sort of close causal connection between the vehicle and the assault that is present in this case.

In *Aetna* and *PEMCO*, the vehicle was used to transport the victim, but otherwise had no relationship to the assault other than to serve as its situs. In *Doe*, the car was used to transport the victim, and the victim was injured when her head was pushed against the car window. The court there found these facts insufficient to establish the requisite causal connection under Virginia law. It rejected the insured's reliance on the Colorado Supreme Court's decision in *Cung La*, *supra*, noting that it was "doubtful" whether Virginia courts would reach the same result and that, in any event, the vehicles in *Cung La* and the other cases cited by the insured "played a far more vital and central role in causing the injuries." *Doe v. State Farm Fire & Cas. Co.*, *supra*, 878 F.Supp. at 868. Similarly here, where the car door, the reclining seat, and the seat belt all facilitated the assault, the car played a more central role in causing defendant's injuries than if it had merely served as the situs for the assault.

We thus agree with the trial court that, under the unique factual circumstances presented here, there was a sufficient causal connection between the car and defendant's injuries to warrant a finding of coverage under the PIP and UM/UIM provisions of State Farm's policy.

## II.

In her answer brief, defendant notes that she sought an award of attorney fees in the trial court, but the court did not address her request. She asks that we order the trial court to award her those fees if we affirm the judgment. State Farm responds that we may not consider this issue because defendant did not raise it in a cross-appeal.

If the trial court had denied defendant's request, we would, as State Farm points out, be precluded from considering it absent a cross-appeal. *See Ruffing v. Lincicome*, 737 P.2d 440 (Colo.App.1987) (where no cross-appeal filed, court of appeals had no jurisdiction to consider appellee's argument that trial court erred in awarding attorney fees to appellant); *City of Delta v. Thompson*, 37 Colo.App. 205, 548 P.2d 1292 (1975) (appellee may not seek to enlarge its own

rights under judgment without cross-appealing).

However, it appears from the record that the trial court simply has not addressed the fee request. Accordingly, while the issue thus is not ripe for appellate review, defendant is not precluded from seeking a ruling on it in the trial court following issuance of the mandate in this appeal. *See Baldwin v. Bright Mortgage Co.*, 757 P.2d 1072 (Colo.1988)(judgment on merits was final for purposes of appeal, notwithstanding unresolved issue of attorney fees).

The judgment is affirmed.

Judge MARQUEZ and Judge TAUBMAN concur.