OPINION OF THE COURT
Arthur W. Lonschein, J.
This is a proceeding, pursuant to CPLR article 75, to set aside an award of a master arbitrator in favor of the respondent, which had itself vacated the award of an arbitrator in favor of the petitioner. The grounds assigned as requiring the vacatur of the master arbitrator’s award are that he modified his original decision in an improper way to include an award of counsel fees, and that he *909 exceeded the proper scope of the review in vacating the original arbitrator’s decision. The sole opposition to the petition is made on procedural grounds: it is alleged that the respondent was not served with the notice of petition until well after the statutory period for such service had expired, and that such service as was eventually made after that period was so improperly made as to warrant a dismissal of the petition.
The threshold question is the one of the Statute of Limitations. It appears that the modification of the master arbitrator’s award was mailed to the parties on May 28, 1982. This modification, in addition to adding an award of counsel fees, also reaffirmed the original master arbitrator’s award.
Petitioner had 90 days from the “delivery” of the award to commence this proceeding. (CPLR 7511, subd [a].) Assuming that the decision of modification was delivered on the day it was sent, the last day on which to commence a proceeding to vacate it was August 26, 1982. This is precisely the date on which it is alleged by the petitioner that the notice of petition was personally delivered to the respondent. The respondent denies receiving such a personal delivery. If respondent is correct, the later delivery to her attorney is meaningless. (Matter of Green Bus Lines [Elliot], 102 Misc 2d 1029.)
There is, accordingly, a need for a hearing to determine this threshold question. At this hearing, evidence will have to be presented as to the actual date of delivery of the decision. (Matter of Ganser [New York Tel. Co.], 39 AD2d 653.) In order to expedite the resolution of this matter, the court will proceed to decide the issues which will remain if it develops that service was properly made within the period of limitations. In this way, a full judgment can be entered at the close of the traverse hearing.
The first question which arises is one of apparent first impression. This petition may have been commenced within 90 days of the delivery of the modified master arbitrator’s decision, but it was certainly not commenced within 90 days of the delivery of the original award. The second decision merely added an award of counsel fees to *910 the original award, and did not affect its substance. The novel question is whether the petitioner is restricted to a review of the counsel fees only, or whether the language of the modification, in which the master arbitrator “reaffirmed” his original holding “in all other respects” superseded the original decision or, to put it another way, made it speak as of the date of the modification, so that a petition seeking review of the modified award may include a review of that which was not modified as well as that which was.
The court is of the opinion that the entire award is open to review. The original award expressly alluded to counsel fees to which the respondent’s attorney was entitled, but left the amount open because respondent’s counsel had not submitted sufficient verification. It was thus apparent that the master arbitrator’s original award was incomplete, and that the modification of the award was intended to make it complete. Therefore, the final award constitutes the original decision plus the counsel fees, and is contained in the paper designated “Disposition of Application for Modification of Awards”. By way of analogy, the modification, which expressly reaffirmed the substantive portions of the original award, can be likened to a decision in a plenary action granting a motion for reargument and adhering to the original decision. Such a decision supersedes the original order for purposes of appeal. (Dennis v Stout, 24 AD2d 461.)
Proceeding at last to the merits of the master arbitrator’s actions, the court first holds that his modification of his original award, taken by itself, was entirely within his powers. The master arbitrator ruled that the respondent was entitled to an award of attorney’s fees in his original award. The amount, however, was left open, and the modification merely filled in that blank. The petitioner’s arguments, based on CPLR 7511 are far wide of the mark. That section applies to a master arbitrator’s review of an arbitrator’s award (Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207; Matter of Smith [Firemen’s Ins. Co.], 55 NY2d 224) and has no application to a case where he modifies his own award, especially where the modification is of the limited character involved here.
*911 If the master arbitrator exceeded his powers in vacating the arbitrator’s award, however, the master arbitrator’s entire award must be vacated. (CPLR 7511, subd [b], par 1, cl [iii].) As noted above, the scope of a master arbitrator’s review has been set forth by the Court of Appeals in Matter of Petrofsky (Allstate Ins. Co.) (supra) and Matter of Smith (Firemen’s Ins. Co.) (supra). The permissible scope of review included a review of the facts but only insofar as to insure that the evidence was sufficient, as a matter of law, to support the arbitrator’s award. He was to assure that the arbitrator’s decision was not incorrect as a matter of law, and that it was reached in a rational manner and was not arbitrary and capricious. Except in this regard, the arbitrator is not allowed to review the facts or weigh the evidence.
Clearly, the master arbitrator did not exceed his powers by reviewing the facts or weighing the evidence. The facts, he stated, are not in dispute. He based his decision on the ground that the arbitrator had incorrectly applied the law to the facts as they were found. Since this was the master arbitrator’s proper province, the court will not vacate his award unless his application of the law is irrational. (Matter of Smith [Firemen’s Ins. Co.], 55 NY2d 224, 232, supra, and cases there cited.)
Here, however, the court is convinced that the master arbitrator’s award is irrational, and if service was properly made and this proceeding was timely instituted, the award will be vacated and the arbitrator’s award reinstated.
The respondent was injured when she tripped over a counter in a store. She had entered the store to escape the sidewalk area where petitioner’s insured had struck a pole, creating an electrical hazard. The arbitrator held that there was a break in the chain of causation between the vehicular accident and respondent’s injury. The master arbitrator did not accept this finding. He ruled that it was an improper application of law, citing Matter of Manhattan & Bronx Surface Tr. Operating Auth. (Gholson) (71 AD2d 1004), for the proposition that respondent could recover from petitioner if three conditions were met: that the accident arose out of the inherent nature of the vehicle; that it arose within the actual territorial limits of the *912 vehicle; and that the vehicle must itself produce the injury, and not be merely a contributory cause.
The master arbitrator construed Matter of Manhattan & Bronx Surface Tr. Operating Auth. (Gholson) (supra) to mean that respondent could recover even though there was no direct contact with the vehicle, and even though respondent was not even fleeing from the vehicle itself, but from the electrical hazard, and even though her injury was directly caused by having tripped over a counter inside a store. He held that it was enough if “the collision initiated a series of occurrences which in their natural course terminated with the claimant’s injuries.”
This is clearly an incorrect and irrational application of Matter of Manhattan & Bronx Surface Tr. Operating Auth. (Gholson) (supra). In that case, the Appellate Division denied benefits to a bus driver who was stabbed by a passenger. The court stated, in positive terms, that benefits were available only when the motor vehicle, itself, is the actual instrumentality which produces the injuries. In Gholson, the injury was inflicted by a violent passenger, and the Idus was largely incidental, being only the scene for the attack. In this case, the injury was sustained in the store, by tripping over a store counter, and the motor vehicle accident was only incidental, being only the motivation for respondent to enter the store.
At the hearing, the court may enter judgment in favor of the respondent, if service was not properly made within 90 days after the delivery of the master arbitrator’s modified award to the petitioner, or in favor of the petitioner, vacating the master arbitrator’s award as modified and reinstating the arbitrator’s award if service was properly made within the said 90-day period.