**GOVERNMENT EMPLOYEES INSURANCE COMPANY, Plaintiff–Appellee,**

**v.**

**MFA MUTUAL INSURANCE COMPANY, Defendant–Appellant.**

**No. 86CA0970.**

Colorado Court of Appeals, Div. I.

May 10, 1990.

Rehearing Denied June 14, 1990.

Certiorari Denied Jan. 7, 1991.

White & Steele, P.C., James M. Dieterich, Denver, for plaintiff-appellee.

Goss & Waltz, Douglas K. Goss, Denver, for defendant-appellant.

Judge PIERCE.

This case is before us on remand from the Colorado Supreme Court for consideration of issues raised by the parties but not previously addressed by this court.

In this action, defendant, MFA Mutual Insurance Company (MFA), sought reimbursement from plaintiff, Government Employees Insurance Company (GEICO), of Personal Injury Protection (PIP) benefits paid by MFA to its insured for injuries arising out of an accident involving MFA's insureds and GEICO's insured. In an unpublished opinion, we previously upheld the trial court's ruling that MFA was not entitled to a reimbursement from GEICO because MFA's insureds were occupants of the MFA vehicle, and not pedestrians. That judgment has been reversed by the Colorado Supreme Court which determined that the MFA insureds were pedestrians. *See MFA Mutual Insurance Co. v. Government Employees Insurance Co.*, 785 P.2d 128 (Colo.1990).

On remand we must determine how the payments of PIP benefits made to MFA's insureds are to be allocated between the two insurance companies in light of the Supreme Court's holding that the insureds were pedestrians. MFA contends that the PIP coverage of the GEICO policy is primary and that GEICO is solely responsible for paying the PIP benefits. GEICO, however, contends that both insurers are responsible on a pro rata basis.

The facts of this case are undisputed. MFA's insured was a passenger in an automobile insured by MFA when the driver stopped on the shoulder of a highway to change a flat tire. The driver, the MFA insured, and another passenger were injured when they were struck from behind by an automobile driven by GEICO's insured. At the time of the accident, all three were leaning into the trunk of the MFA insured automobile trying to remove a spare tire.

Section 10–4–707(1), C.R.S. (1987 Repl. Vol. 4A) provides, in pertinent part, that PIP benefits are applicable to:

"(a) Accidental bodily injury sustained by the *named insured* when injured *in an accident involving any motor vehicle,*

. . . .

(c) Accidental bodily injury ... sustained by any other person while occupying the described motor vehicle with the consent of the insured or while a *pedestrian* if injured *in an accident involving the described motor vehicle.*" (emphasis added)

Section 10–4–707(3), C.R.S. (1987 Repl. Vol. 4A) provides, in pertinent part:

"when a person injured is also an insured under a *complying policy other than the complying policy insuring the vehicle out of the use of which the accident arose, primary coverage shall be afforded by the policy insuring said vehicle* under section 10–4–706;

. . . .

In the event two or more insurers are liable to pay benefits on the same basis, any insurer paying benefits shall be entitled to an equitable pro rata contribution from such other insurer." (emphasis added)

It is undisputed that the GEICO insured vehicle was involved in the accident, and thus, the determinative question is whether the accident in question involved the MFA insured vehicle.

MFA's insured is entitled to PIP benefits if injured in an accident involving *any* motor vehicle. Section 14–4–707(1)(a). However, as a pedestrian, MFA's insured is also entitled to PIP benefits under the GEICO policy. Section 10–4–707(1)(c). If the accident involved only the GEICO insured vehicle then, under the first sentence of § 10–4–707(3), GEICO, as the insurer of the vehicle "out of the use of which the accident arose," would be primarily responsible for payment of the PIP benefits. However, if the accident involved both vehicles, MFA and GEICO would both be responsible for payment of the PIP benefits and MFA would be entitled to an equitable pro rata contribution from GEICO. Section 10–4–707(3).

MFA also would be responsible for PIP benefits paid to the passengers of the MFA insured vehicle if injured in an accident "involving" that vehicle. Section 10–4–707(1)(c).

■ The phrase "involving [a] motor vehicle," as used in the Auto Accident Reparations Act, has been interpreted to mean "arising out of the use or operation of a motor vehicle." *Trinity Universal Insurance Co. v. Hall,* 690 P.2d 227 (Colo.1984). A "but-for" test is to be applied in determining whether this requisite causal relationship exists between the injury and the use of an insured vehicle. *Titan Construction Co. v. Nolf,* 183 Colo. 188, 515 P.2d 1123 (1973). The use of the vehicle need not be the sole cause of the injury and the accident need not occur while the insured vehicle is moving; however, the injury must originate in, grow out of, or flow from the use or operation of the vehicle. *Kohl v. Union Insurance Co.,* 731 P.2d 134 (Colo.1986).

■ Also, the use of the vehicle must be conceivable and not foreign to the inherent purpose of the insured vehicle. *Azar v. Employers Casualty Co.,* 178 Colo. 58, 495 P.2d 554 (1972) (transporting a shotgun not a use within the inherent purpose of an automobile); *cf. Kohl v. Union Insurance Co., supra* (transporting a hunting rifle is a use within the inherent purpose of a four-wheel-drive vehicle). The loading and unloading of an insured vehicle is a covered use. *Colorado Farm Bureau Mutual In-*

*surance Co. v. West American Insurance Co.,* 35 Colo.App. 380, 540 P.2d 1112 (1975).

Here, we conclude that the storage of a spare tire is a use within the inherent purpose of an automobile. The unloading of a spare tire stored in the trunk of the disabled MFA insured vehicle flowed from the MFA insureds' operation of that vehicle. But for their operation of the vehicle, they would not have been on the shoulder of the highway fixing a flat tire.

Thus, the accident involved the MFA insured vehicle, and MFA is responsible for payment of PIP benefits to its insured for their injuries sustained as a result of the accident. Sections 10–14–707(1)(a)and 10–4–707(1)(c). The allocation of those payments between MFA and GEICO is to be made on an equitable pro rata basis, and thus, MFA is entitled to a partial reimbursement from GEICO. Section 10–4–707(3). Consequently, we remand the matter for a determination of the proper reimbursement amount.

MFA's remaining contention is without merit.

The judgment is reversed and the cause is remanded for further proceedings.

HUME and MARQUEZ, JJ., concur.