■ ALLEN WOOSTER, Respondent, v MAXIMILLIANO SORIANO, Respondent, and KENGRAPHICS INTERIORS, INC., Also Known as KENGER, INC., et al., Appellants.—Order, Appellate Term, New York County (Jawn A. Sandifer, J. P., Edith Miller, J., William P. McCooe, J., dissenting), entered March 1, 1989, affirming an order of the Civil Court of the City of New York (Alfred Toker, J.), entered March 1, 1989, which, *inter alia,* denied defendant Kengraphics Interiors, Inc.'s motion pursuant to CPLR 3212 for summary judgment, unanimously affirmed, without costs.

Plaintiff's complaint alleges that he suffered injuries after being struck by a bicycle operated by defendant Soriano. The claim against the Kengraphics defendants is that their truck obstructed plaintiff's view as he attempted to cross the street.

Summary judgment was properly denied. In *O'Connor v Pecoraro* (141 AD2d 443, 445) it was noted that "owners of improperly parked cars may be held liable to plaintiffs injured by negligent drivers of other vehicles, depending on the determinations by the trier of fact of the issues of foreseeability and proximate cause unique to the particular case". *(See also, Fleischer v White Rose Food Corp.,* 152 AD2d 489.)* These

issues must be resolved at trial. Nor is the "serious injury" threshold pursuant to Insurance Law § 5102 applicable. The loss alleged by plaintiff does not arise out of the "use or operation" of the vehicle by Kengraphics, since the unoccupied vehicle was merely parked on a public street and was not, at that time, being used or otherwise engaged in some ongoing activity. *(McConnell v Fireman's Fund Am. Ins. Co.,* 49 AD2d 676.) Concur—Kupferman, J. P., Carro, Ellerin and Wallach, JJ.