METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, Plaintiff–Appellee,

v.

Ronald S. NEUBERT, Defendant–Appellant.

No. 97CA0785.

Colorado Court of Appeals,
Div. A.

April 16, 1998.

Rehearing Denied May 14, 1998.

Certiorari Denied Jan. 19, 1999.

Kane, Donley & Johnson, P.C., Jack E. Donley, Colorado Springs, for Plaintiff–Appellee.

Case & Lacerte, John Case, Denver, for Defendant–Appellant.

Opinion by Chief Judge HUME.

In this declaratory action to determine insurance coverage, defendant, Ronald S. Neubert, appeals from a summary judgment entered in favor of plaintiff, Metropolitan Property and Casualty Insurance Co. (Metropolitan). We reverse and remand for further proceedings.

The following facts are undisputed. As a car insured by Metropolitan and occupied by the driver and three passengers was traveling on the street near defendant's home, the driver was shot and the vehicle collided with a concrete post across the street from defendant's home.

The trial court found, as undisputed facts, that defendant went to the car to render assistance to the driver and passengers. As he approached the vehicle, the passengers assumed that he was involved in the shooting. They got out of the car and assaulted defendant, causing him substantial injuries.

Defendant sought personal injury protection (PIP) benefits from Metropolitan for his injuries, contending that they arose out of the use of the insured car. Metropolitan denied coverage, and brought this declaratory judgment action.

On cross-motions for summary judgment, the district court found that defendant's injuries did not arise out of the use of the car and entered summary judgment for Metropolitan. This appeal followed.

Defendant contends that the district court erred in concluding that his injuries did not arise out of the use of the car. We agree.

The Metropolitan insurance policy provides PIP benefits for bodily injuries caused by an accident arising out of the operation or use of a motor vehicle.

██  An injury arises out of the use of a car if it is causally related to a conceivable use of the car that is not foreign to its inherent purpose. To establish this causal relationship, defendant must establish that the accident would not have occurred but for the vehicle's use. *Kohl v. Union Insurance Co.*, 731 P.2d 134 (Colo.1986).

The use of a vehicle has a broader meaning than just transportation. *Aetna Casualty & Surety Co. v. McMichael*, 906 P.2d 92 (Colo. 1995). For example, an injury sustained while changing a tire on a car is within foreseeable use of a vehicle. *Government Employees Insurance Co. v. MFA Mutual Insurance Co.*, 802 P.2d 1122 (Colo.App. 1990).

Here, it is undisputed that defendant was assaulted as he approached the car to render assistance to its driver. But for the accident arising from the use of the car, defendant would not have so acted and would not have been injured.

██  One of the unfortunate consequences of automobile use is the occurrence of injury-causing accidents that result in the vehicle's occupants being in need of assistance from

persons nearby. In light of that fact, we hold that a person's rendering assistance to victims of a car accident is a foreseeable event arising out of the use of the vehicle.

We are not persuaded by plaintiff's reliance on *Sanchez v. State Farm Mutual Automobile Insurance Co.*, 878 P.2d 31 (Colo. App.1994). In *Sanchez*, a police officer was bitten by a dog that jumped out of a car. The car had not been stopped based upon its operation, but rather because of the driver's status as a suspected felon, and a division of this court concluded that the requisite causal connection between the use of the car and the dog bite had not been established. In contrast, here, the defendant specifically approached the car because it had been involved in an accident and defendant intended to assist the driver.

The fact that defendant's injuries were caused by the intentional actions of the passengers does not sever the link between those injuries and the use of the car. The supreme court has held that whether injuries arise from an accident, even though they directly result from an intentional act, is to be determined from the insured's point of view. *State Farm Mutual Automobile Insurance Co. v. McMillan*, 925 P.2d 785 (Colo.1996)(victim of shooting resulting from a traffic altercation entitled to recovery of benefits provided for injuries caused by accident involving an uninsured motorist). Here, as in *McMillan*, viewed from the perspective of the victim, the injuries were unexpected and accidental.

The judgment is reversed and the cause is remanded with directions to enter judgment declaring defendant to be within the coverage provided by the policy at issue.

PLANK and CASEBOLT, JJ., concur.