**PROGRESSIVE CASUALTY INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**FARM BUREAU MUTUAL INSURANCE COMPANY, INC., and American Family Mutual Insurance Company, Defendants–Appellants.**

No. 01CA0272.

Colorado Court of Appeals, Div. II.

Jan. 31, 2002.

Certiorari Denied Aug. 26, 2002.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2001.

White and Steele, P.C., Keith R. Olivera, Denver, CO, for Plaintiff–Appellee.

Richard W. Laugesen, Denver, CO, for Defendant–Appellant Farm Bureau Mutual Insurance Company, Inc.

Harris, Karstaedt, Jamison & Powers, P.C., A. Peter Gregory, Heather A. Salg, Englewood, CO, for Defendant–Appellant American Family Mutual Insurance Company.

Opinion by Judge JONES.

In this declaratory judgment action, this appeal arises from the summary judgment entered in favor of plaintiff, Progressive Casualty Insurance Company, and against defendants, Farm Bureau Mutual Insurance Company, Inc., and American Family Insurance Company, obligating the three insurance companies, respectively, to pay one-third of the personal injury protection (PIP) benefits accruing to Suzette Sacco, claimant. We affirm.

In December 1995, claimant, an insured of American Family, stopped and exited her pickup truck on the icy shoulder of eastbound I–70 near Airport Boulevard to help the occupant of another vehicle that had flipped in the grassy area south of the interstate. The occupant of the distressed vehicle was an insured of Farm Bureau. The driver of a third vehicle, an insured of Progressive, saw the other vehicles and attempted to stop, but skidded into the right guardrail, ricocheted off it, and then struck claimant, causing her severe injuries.

Progressive initially disputed whether claimant was a pedestrian at the time of the accident and refused to pay any of the PIP benefits, but subsequently confessed its coverage and reimbursed American Family $60,195, or approximately one-half of the $122,150 in PIP benefits that American Family had already paid.

Following its payment of reimbursement to American Family, Progressive commenced suit against American Family, seeking a declaration that American Family was liable for the full amount or a proportionate share of claimant's PIP benefits, and asserting other claims not under review here.

American Family counterclaimed against Progressive, seeking a determination that Progressive was totally responsible for the PIP benefits, and made other claims also not under review here.

Thereafter, Progressive amended its complaint to join Farm Bureau as a defendant, seeking a determination that Farm Bureau and American Family were jointly liable for all or proportionate shares of claimant's PIP benefits.

All parties conceded that claimant was a pedestrian at the time relevant to the issues here. *See Rose v. Allstate Ins. Co.,* 782 P.2d 19 (Colo.1989)(defining "pedestrian" for purposes of no-fault statute as all persons not riding in or upon a vehicle, or not in the immediate act of entering or alighting from a vehicle, and whose injuries have a causal connection to use of a vehicle).

On cross-motions for summary judgment, the trial court held that Progressive, American Family, and Farm Bureau were each responsible for a one-third pro rata share of claimant's PIP benefits pursuant to § 10–4–707(1)(c), C.R.S.2001. This appeal followed.

I.

Defendants contend that the trial court erred when it held that the respective vehicles they insured were indeed vehicles "out of the use of which" a pedestrian's injuries arose, thus obligating each to pay a one-third share of claimant's PIP benefits under the Colorado No Fault Act. We perceive no error.

Section 10–4–707(1)(c), states that PIP coverage applies to accidental bodily injury "sus-

tained [by a person] while occupying the described motor vehicle with the consent of the insured or while a pedestrian if [that person is] injured in an accident involving the described motor vehicle." *See Rose v. Allstate Ins. Co., supra.*

A division of this court has interpreted this statute in *Bredemeier v. Farmers Insurance Exchange,* 950 P.2d 616, 617 (Colo.App.1997), determining that to prove the causal connection between the use of the vehicle and the injury, a party need only show that the injury "originated in, grew out of, or flowed from a use of a vehicle." The vehicle itself need not be the source of the actual injury. *See Aetna Cas. & Sur. Co. v. McMichael,* 906 P.2d 92 (Colo.1995); *see also Government Employees Ins. Co. v. MFA Mut. Ins. Co.,* 802 P.2d 1122 (Colo.App.1990)(*GEICO*) (concluding that injury incurred in unloading spare tire from trunk of insured vehicle flowed from insured's operation of that vehicle). Nonetheless, the claim must arise from a "conceivable use" of the insured vehicle, that is, a use not foreign to the vehicle's inherent purpose. *Bredemeier v. Farmers Ins. Exch., supra,* 950 P.2d at 617.

Another division of this court determined that a pedestrian was entitled to PIP benefits from a vehicle's insurer for injuries he sustained when he attempted to help the occupants of the vehicle, which had collided with a concrete post after its driver had been shot by an unknown assailant. The occupants of the vehicle assaulted and injured the pedestrian, having mistaken him for someone involved in the shooting. *Metropolitan Prop. & Cas. Ins. Co. v. Neubert,* 969 P.2d 733 (Colo.App.1998).

The *Neubert* panel concluded that one of the "consequences of automobile use is the occurrence of injury-causing accidents that result in the vehicle's occupants being in need of assistance from persons nearby" and that the rendering of assistance to the victims of a car accident is a "foreseeable event arising out of the use of the vehicle." The panel reasoned that therefore, but for the accident, the pedestrian would not have been injured when the occupants of the car assaulted him. *Metropolitan Prop. & Cas. Ins.*

*Co. v. Neubert, supra,* 969 P.2d at 734–35. However, the occupants of the insured vehicle must be engaged in a conceivable use of the vehicle and not one foreign to the vehicle's inherent purpose. *See Bredemeier v. Farmers Ins. Exch., supra.*

Here, when the Farm Bureau insured vehicle slid off the highway and rolled onto its side, the action flowed from the use of the Farm Bureau insured vehicle, causing claimant to exit her vehicle on the shoulder of an icy highway in order to render aid. In this instance, it was reasonable for claimant to exit her vehicle to render aid. *See Metropolitan Prop. & Cas. Ins. Co. v. Neubert, supra; see also* § 10–4–707(1)(c).

Furthermore, the circumstances confronted by the driver of the vehicle insured by Progressive caused that vehicle to brake on the slippery roadway, resulting in its skidding and striking claimant's car and then hitting claimant, resulting in her injuries. *See* §§ 10–4–705, 10–4–707(1)(c), C.R.S.2001.

As American Family's insured, claimant would have been entitled to PIP benefits had she been injured in an accident involving a covered motor vehicle. *See* § 10–4–707(1)(a), C.R.S.2001. However, we conclude that, as a pedestrian, claimant is also entitled to PIP benefits under the Farm Bureau and the Progressive policies because her actions as a pedestrian and her injuries were integrally related to her conceivable use of her vehicle in arriving and stopping to render aid at the location of the accident. *See* § 10–4–707(1)(c); *Metropolitan Prop. & Cas. Ins. Co. v. Neubert, supra.*

Had the accident involved only the vehicles insured by Farm Bureau and Progressive, then, under the first clause of § 10–4–707(3), C.R.S.2001, those two insurers would be solely responsible for payment of the PIP benefits. However, because the accident, for statutory purposes, involved all three vehicles, all insurers are responsible for payment of the PIP benefits. *See* § 10–4–707(3); *GEICO, supra.*

Therefore, we conclude that the trial court did not err when it declared that each vehicle that Farm Bureau and American Family insured was indeed a vehicle "out of the use of which" claimant's injuries arose, obligating

them respectively to pay a share of claimant's PIP benefits.

## II.

American Family and Farm Bureau further contend that, even if each was obligated to pay a share of the PIP benefits pursuant to section 10–4–707(3), the trial court erred in its determination that each owed one third of the benefits. We perceive no error.

Section 10–4–707(3) provides, in pertinent part: "In the event two or more insurers are liable to pay benefits on the same basis, any insurer paying benefits shall be entitled to an equitable pro rata contribution from such other insurer."

As discussed above, all three insurers are liable to pay benefits arising from this accident, pursuant to section 10–4–707(1)(a) and (3). As such, each is entitled to an equitable pro rata contribution from the other two insurers, resulting in a one-third contribution from each insurer to cover the PIP benefits due claimant.

The judgment is affirmed.

Judge PLANK and Judge PIERCE * concur.